[Cite as *State v. Lundblad*, 2014-Ohio-52.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

JOHN C. LUNDBLAD

     Defendant-Appellant


Appellate Case No.    24544

Trial Court Case No.   2005-CR-4828


(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of January, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

JOHN SCACCIA, Attorney Reg. No. 0022217, 1814 East Third Street, Dayton, Ohio 45403
     Attorney for Defendant-Appellant-Filed *Anders* Brief

JOHN C. LUNDBLAD, P.O. Box 8308, Cincinnati, Ohio 45208
     Defendant-Appellant-*Pro Se*

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    In this case, we are asked to decide whether the trial court erred when it imposed post-release control at the re-sentencing of Defendant-Appellant, John C. Lundblad, on February 25, 2011, pursuant to R.C. 2929.191.   We conclude that no arguable errors for review exist. Accordingly, the judgment of the trial court will be affirmed.

## I.   The Course of Proceedings

{¶ 2}    On November 2, 2011, Lundblad's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that counsel could not find a potential assignment of error having arguable merit. On November 4, 2011, Appellant was granted 60 days to file a pro se brief assigning any errors for review by this court.

{¶ 3}    Subsequently, on December 27, 2011, Lundblad, pro se, filed a brief which generally contends that post-release control is unconstitutional and illegal.   After we issued a show cause order, the State filed a response on September 18, 2013, stating that Lundblad had failed to serve a copy of his brief on the State.   The State indicated that it had now obtained a copy of Lundblad's brief, but did not intend to respond.   Accordingly, this matter is ready for decision.

{¶ 4}    After independently reviewing the record, we find no potential assignment of error having arguable merit.   The judgment of the trial court, therefore, will be affirmed.

## II.   Discussion

{¶ 5}    Lundblad appeals from his sentence, following a guilty plea on June 5, 2006, to

Possession of Crack Cocaine, a felony of the first degree, and Possession of Marijuana, a felony of the third degree. On July 17, 2006, the trial court sentenced Lundblad to a five-year prison term on each count, to be served concurrently. The trial court mistakenly advised Lundblad that the post-release control for the first degree felony "could last up to five years" rather than the mandatory five years required by R.C. 2967.28, and as indicated in the termination entry and plea forms.

{¶ 6}    On February 25, 2011, the trial court re-sentenced Lundblad to correct the error, pursuant to R.C. 2929.191. At that time, the trial court sentenced Lundblad to a mandatory five-year term of post-release control on the first degree felony count, Possession of Crack Cocaine. Lundblad appeals from this post-release control sentence.

A.   We Find No Potential Assignments of Error Having Arguable Merit.

{¶ 7}    In the initial appellate brief, Lundblad's appellate counsel discussed two potential assignments of error. First, appellate counsel discussed whether the trial court complied with the statutory requirements of post-release control and adequately advised Lundblad of its conditions. Secondly, appellate counsel asked whether – if the trial court erred – Lundblad was deprived of his rights to due process in violation of the Fourteenth Amendment to the Constitution of the United States. We agree with appellate counsel that, in light of the record of this case, neither issue has arguable merit. Pursuant to R.C. 2929.191, the trial court held a new sentencing hearing and properly imposed post-release control.

{¶ 8}    Lundblad's pro se brief presents no assignment of errors, but poses additional questions, which we summarize as "how is it constitutional or legal that I must serve post-release control after serving the entire 60 month prison sentence?"

**{¶ 9}** We find Lundblad's questions do not constitute any potential assignments of error having arguable merit, since the trial court fully complied with R.C. 2967.28, which was found to be constitutional by the Supreme Court of Ohio in *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000), paragraph one of the syllabus.

### B. Independent Review

**{¶ 10}** Under *Anders v. California*, we have an independent duty to review the record to determine if there are any potential assignments of error having arguable merit. We have done so. The trial court complied with the law when it imposed five years of mandatory post-release control. We, therefore, find no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
John Scaccia
John C. Lundblad
Hon. Steven K. Dankof